**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEVIN POWELL,<br><br>                         Plaintiff,<br><br>     v.<br><br>DAVID ROBINSON, LENTON TERRELL HUTTON, JAMES G. ROBINSON, STEVEN BAGATOURIAN, JEREMY HAFT, EDDIE GONZALEZ, MORGAN CREEK PRODUCTIONS, INC., PROGRAM PICTURES, LIONS GATE FILMS, INC., "JOHN DOE ENTITIES" 1-10 and "JOHN DOES" 1-10,<br><br>                         Defendants. | Civil Action No.: 17-cv-03785-DLI-JO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS LIONSGATE FILMS, INC., MORGAN CREEK PRODUCTIONS, INC., PROGRAM PICTURES, DAVID ROBINSON, JAMES G. ROBINSON, STEVEN BAGATOURIAN, JEREMY HAFT, AND LENTON TERRELL HUTTON'S MOTION TO DISMISS PLAINTIFF KEVIN POWELL'S AMENDED VERIFIED COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, Defendants Liongsate Films, Inc., Morgan Creek Productions, Inc., Program Pictures, David Robinson, James G. Robinson, Steven Bagatourian, Jeremy Haft, and Lenton Terrell Hutton (collectively, "Defendants") respectfully request that the Court take judicial notice of a search of the United States Copyright Office's ("Copyright Office") database for: (i) "Kevin Powell," attached hereto as Exhibit 1, (ii) "Exclusive: Is Tupac Crazy or Just Misunderstood," attached hereto as Exhibit 2, (iii) "Tupac Shakur Jailhouse Exclusive," attached hereto as Exhibit 3, and (iv) "Live From Deathrow," attached hereto as Exhibit 4.

In connection with a Motion to Dismiss, the Court may consider documents on which a plaintiff relies in drafting its complaint in deciding a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 151-153 (2d Cir. 2002) (holding that on a motion to dismiss, a court

may consider "documents attached to the complaint as an exhibit or incorporated in it by reference," "matters of which judicial notice may be taken," "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit" and documents rendered "'integral' to the complaint") (internal citations and quotations omitted).

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of a fact not reasonably subject to dispute because it "is generally known within the trial court's jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Under Rule 201, it is "clearly proper for [the Court] to take judicial notice" of "certain matters of public records" and "documents filed with governmental entities and available on their official website" without converting the motion to a summary judgment motion. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (taking judicial notice of "documents retrieved from official government websites" and search results on an electronic database, noting "Courts routinely take judicial notice of such governmental records").

Here, Plaintiff has initiated a copyright infringement lawsuit under the Copyright Act, alleging infringement of three discrete works. *See* ECF No. 36 ("Compl."). In the Amended Verified Complaint ("Complaint"), Plaintiff claims to be the "sole and lawful proprietor of all rights, title, and interest in and to the copyrighted" works. Compl. at ¶ 25. Registering, or attempting to register, copyrighted works with the Copyright Office is a necessary precondition to bringing a copyright infringement lawsuit. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). Accordingly,

- 2 -

the registration search results are squarely at issue, by virtue of being both incorporated by reference, and integral to Plaintiff's Complaint.

Moreover, the Copyright Office database search results attached hereto are subject to judicial notice because they are a matter of public record, not reasonably subject to dispute, and can be readily determined accurate by resort to the Copyright Office's website – which is itself a source of reasonably indisputable accuracy. Indeed, courts routinely take judicial notice of documents and records available from the Copyright Office's website. *See e.g.*, *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770 DLI RLM, 2007 WL 2028108, at *4 (E.D.N.Y. July 11, 2007) (taking judicial notice of online records and search results from the Copyright Office's website); *see also Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (holding that district court was entitled to take judicial notice of copyright registration information retrieved from the Copyright Office's website).

Based on the foregoing, Defendants hereby request that this Court grant Defendants' Request for Judicial Notice In Support Of Defendants' Motion to Dismiss Plaintiff Kevin Powell's Amended Verified Complaint.

Dated: September 5, 2017
Los Angeles, California

Respectfully submitted,

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
   Erica J. Van Loon
   *Admitted Pro Hac Vice*

10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
(310) 282 - 6260
evanloon@glaserweil.com
*Attorney for Defendants Lionsgate Films, Inc.,*

- 3 -

*Morgan Creek Productions, Inc., Program Pictures, David Robinson, James G. Robinson, Steven Bagatourian, Jeremy Haft, and Lenton Terrell Hutton*

1373685.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, the foregoing document was filed with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or

the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon

the following parties and participants:

Norman Keith White, Jr.
Kenneth J. Montgomery
198a Rogers Avenue
Brooklyn, NY 11225
keith@freeintegrated.com
*Attorneys for Plaintiff Kevin Powell*

/s/ Erica J. Van Loon
Erica J. Van Loon
*Admitted Pro Hac Vice*

10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
(310) 282 - 6260
evanloon@glaserweil.com
*Attorney for Defendants Lionsgate Films,
Inc., Morgan Creek Productions, Inc.,
Program Pictures, David Robinson, Lenton
Terrell Hutton, James G. Robinson, Steven
Bagatourian, and Jeremy Haft*